## ROSENBLOOM v. FINCH.

(Supreme Court, Appellate Term.  March, 1902.)

1. LANDLORD AND TENANT—REPAIRS—CONSENT OF TENANT.
   Where the evidence shows the tenant's consent to repairs, recovery
   of rent cannot be defeated on the ground that the landlord's entry to
   make the repairs constituted an eviction.

2. ALTERATION OF INSTRUMENT—INTERLINEATIONS—PROOF.
   No proof need be given that an interlineation in a written instrument
   was made before its execution, unless the alteration is a suspicious one.

3. LANDLORD AND TENANT—SURRENDER OF PREMISES—INJURIES.
   Under a lease requiring surrender of the premises in good order at
   the end of the term, no recovery can be had, before the expiration of
   the term, for injuries from repairs by the tenant.

Appeal from municipal court, borough of Manhattan.

Action by Thomas Rosenbloom against Jessie G. Finch.  Judgment
for plaintiff, and defendant appeals.  Modified and affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and
GREENBAUM, JJ.

Edward Wells, for appellant.

Meyer Greenberg, for respondent.

GREENBAUM, J.  Plaintiff's assignor leased certain apartments
to defendant for use as a private school, the term expiring October
1, 1901.  The action is brought to recover rent for the months of Au-
gust and September, aggregating $200, and for damages by reason
of injuries to the walls and ceilings, under the clause of the lease
that the tenant will deliver up premises in good order.  The justice
allowed a recovery for the rent and for $15 damages, and from the
judgment rendered defendant appeals.

The defendant seeks to defeat a recovery of the rent upon the
ground that the landlord, during her absence in the summer months,
had repairs made upon the premises without her authority, and that
this unlawful entry constituted an eviction.  It is sufficient to meet
this contention by saying that the proof amply tended to show that
the defendant consented to the repairs, and the finding of the justice
in this respect should not be disturbed.  As to the point that the in-
terlineation of the name of plaintiff in the assignment of the land-
lord's claim called for proof upon the plaintiff's part that it was be-
fore execution of the instrument, we find that the authorities do not
bear out appellant's contention excepting when the alteration is a
suspicious one.  There is nothing suspicious in the manner in which
plaintiff's name is inserted; it was evidently omitted in the typewritten
form, and unless some name were inserted there would not have been
an assignment in fact.  Tillou v. Insurance Co., 7 Barb. 564.  For
the allowance of the item of $15, however, we find no warrant.  The
repairs were made before the expiration of the term, and therefore
before any obligation arose under the clause of the lease requiring
the surrender of the premises "in good order and condition."

The judgment should be modified by reducing the amount of the
recovery to two hundred dollars ($200) and the original costs and dis-

bursements, and; as modified, affirmed, without costs to either party on this appeal.

Judgment modified, and, as modified, affirmed, without costs. All concur.